UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TROY HAY, | ) | Case No: 1:11 CV 2652 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| CUYAHOGA COUNTY JAIL | ) | |
| MEDICAL DEPARTMENT. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

*Pro se* Plaintiff Troy Hay filed this action under 42 U.S.C. § 1983 against the Cuyahoga County Jail Medical Department ("Medical Department"). In the Complaint, Plaintiff alleges Defendant failed to provide him with adequate medical care. He seeks injunctive and monetary relief. Plaintiff also filed a request to proceed *in forma pauperis*. (ECF No. 3). That request is granted.

**Background**

Plaintiff Troy Hay is currently a pretrial detainee at the Cuyahoga County Jail. He alleges he has a severe knee injury, which he believes is a torn tendon and/or ligament. He further states he takes the prescription medications Klonopin and Neurontin for seizures and that he must take these medications three times daily or risk severe consequences. (ECF No. 1 at 2, 3).

Plaintiff claims that, on several occasions since his arrest and detention at the Cuyahoga County Jail, defendant Medical Department failed to provide adequate medical care for his conditions. First, he alleges that he was taken to the infirmary on November 18, 2011 to be seen by Dr. Robinson for his knee injury. He claims Dr. Robinson "refused and denied [him] medical attention." (ECF No. 1 at 2). Several days later, on November 21, 2011, plaintiff claims Corporal Darby called the defendant Medical Department to have plaintiff put on the Emergency Medical List but he was never seen by anyone and continued to suffer severe pain. The next day, Corporal Lazada escorted plaintiff to the infirmary where he was seen by an unidentified "Chinese doctor." (ECF No. 1 at 2). This doctor allegedly put plaintiff on a list to see a specialist and prescribed him medication. Plaintiff claims this medicine is ineffective. (ECF No. 1 at 3).

On November 28 and 29, 2011, plaintiff alleges an unidentified male nurse gave him prescription medication intended for another inmate, including blood pressure, headache and heart medication. Plaintiff claims this medication gave him severe nausea, night sweats, and the shakes. He is concerned this medication could have additional adverse effects on him in light of his seizure disorder. He states he is now "paranoid" to take any medications given to him by defendant Medical Department and wonders whether the jail medical staff is trying to kill him. (ECF No. 1 at 3-4).

Plaintiff filed the instant Complaint on December 7, 2011. He alleges claims for (1) denial of medical care under the Fourteenth Amendment;[1] and (2) dereliction of duty under Ohio Rev. Code 2921.44(c)(2). Plaintiff seeks monetary and injunctive relief.

---

[1] The Complaint alleges defendant's failure to provide adequate medical care violated the Sixth Amendment. The Sixth Amendment guarantees the right to assistance of counsel under certain circumstances and is not applicable here. Since plaintiff is a pre-trial detainee, the Court will construe his claims of denial of medical care as arising under the Fourteenth Amendment.

2

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## Analysis

**I.     Defendant Medical Department is Not a Proper Party**

Plaintiff asserts defendant Medical Department violated his constitutional rights when it failed to provide him with adequate medical care.  Because the Constitution does not directly provide

for damages, he must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations.  As no other statutory provision appears to present even an arguably viable vehicle for the assertion of plaintiff's constitutional claims, the Court construes them as arising under 42 U.S.C. § 1983.

In order to state a claim under § 1983, a plaintiff must show the alleged violation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001).  Jails and jail medical departments are not "persons" within the meaning of § 1983. *See Hix v. Tennessee Dept. of Corr.,* No. 05-5814, 2006 WL 2431103 at \*\* 5 (6th Cir. Aug. 22, 2006) (finding that a state prison's medical department is not a "person" under § 1983) *Sullivan v. Hamilton County Jail Staff*, No. 1:05-cv-320, 2006 WL 1582418 at \* 3 n. 1(E.D. Tenn. June 5, 2006). Thus, the Court finds that plaintiff's claims against defendant Cuyahoga County Jail Medical Department are subject to dismissal under §1915(e).[3]

---

[3]     To the extent plaintiff's Complaint could be construed as asserting a claim against Cuyahoga County, that claim would also lack merit. Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 692 (1978).  Plaintiff's Complaint does not allege that the deprivation of his

**II.     Plaintiff Fails to State A Claim for Failure to Provide Adequate Medical Care**

Even if the Court were to liberally construe the Complaint and consider plaintiff's constitutional claims as against the individuals mentioned therein, it would find plaintiff had failed to state a claim for failure to provide adequate medical care.

The Eighth Amendment prohibits prison officials from "unnecessarily and wantonly inflicting pain" on prisoners by acting with "deliberate indifference" to prisoners' serious medical needs. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir.2 004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The Eighth Amendment, however, does not apply to pretrial detainees, such as plaintiff herein. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). The Fourteenth Amendment, rather, "affords pretrial detainees a due process right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners." *Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004). Thus, although the Eighth Amendment is not directly applicable to plaintiff herein, its deliberate indifference standard is to be applied under the Fourteenth Amendment. *Id.*

A claim of deliberate indifference has both an objective and subjective component. *Harrison v. Ash*, 539 F.3d 510, 517-18 (6th Cir. 2008). To satisfy the objective component, the injury must be sufficiently serious. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (stating that Eighth Amendment is implicated by the "unnecessary and wanton infliction of pain" and not "inadvertent failure to provide adequate medical care"); *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005)

---

constitutional rights is the result of a policy or custom of Cuyahoga County.

(requiring that the prisoner demonstrate more than "mere discomfort or inconvenience"). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore,* 390 F.3d at 897. *See also Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).

The subjective component requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety. *Wilson*, 501 U.S. at 302-03. Deliberate indifference "entails something more than mere negligence." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). An inmate must show that prison officials had "a sufficiently culpable state of mind" in denying medical care. *Id.* at 834. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)).

Plaintiff first alleges defendant Medical Department staff member Dr. Robinson "refused and denied [him] medical attention" for his knee injury. (ECF No. 1 at 2). Plaintiff does not provide any further factual allegations to explain or support his claim. The Complaint does not allege the manner in which Dr. Robinson allegedly denied him medical attention, or set forth any allegations suggesting Dr. Robinson consciously disregarded an excessive risk to his health or safety. To meet the pleading requirements of Federal Civil Rule 8, plaintiff must allege enough facts to raise his right to relief above the speculative level assuming all the allegations in the Complaint are true. *Bell Atl. Corp*., 550 U.S. at 555. In other words, plaintiff must include more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id*. Plaintiff herein does

6

not do so. Even liberally construed, the Complaint is insufficient to suggest that a serious deprivation occurred or that Dr. Robinson acted with deliberate indifference to his serious medical needs.

Plaintiff next asserts that an unidentified "Chinese doctor" examined him in the infirmary, placed him on a list to see a specialist, and prescribed medication for him that doesn't work. The Court finds plaintiff has failed to establish that this unidentified doctor was deliberately indifferent to his serious medical needs. Plaintiff acknowledges in the Complaint that the doctor in question examined him, referred him to a specialist, and prescribed medication. (ECF No. 1 at 2-3). While plaintiff may feel this medical care was inadequate or ineffective, allegations of medical malpractice or negligent diagnosis or treatment fail to state an Eighth Amendment claim. *See Estelle*, 429 U.S. at 106; *Brock v. Crall*, 2001 WL 468169 at **2 (6th Cir. April 27, 2001). As the Sixth Circuit has explained, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Accordingly, a difference of opinion between a prisoner and a doctor over diagnosis or treatment fails to state an Eighth Amendment claim of deliberate indifference to a serious medical need. *See Estelle*, 429 U .S. at 107; *Westlake*, 537 F.2d at 860 n. 5; *Lee v. Baker*, 1999 WL 282652 at * 1 (6th Cir. April 30, 1999).

Finally, plaintiff claims jail personnel gave him medication intended for another inmate on two occasions and that he had an adverse reaction to this medication. He suggests that unidentified jail personnel may be trying to kill him because he complained about his lack of adequate medical care. While he states generally that a "male nurse who works the med carts" gave him the wrong

medication, plaintiff does not allege that this particular nurse purposely did so nor does he otherwise identify who he believes may be responsible for purposely providing him the wrong medication. (ECF No. 1 at 3). In his Complaint, plaintiff states the Jail Medical Administrator talked to him about this issue and acknowledged that jail staff had inadvertently mixed up his medical chart with another inmate's. (ECF No. 1 at 5). Plaintiff does not allege that he continued to receive inappropriate medication after his meeting with the Jail Medical Administrator. While it is certainly unfortunate that this mistake occurred, at most plaintiff may have alleged facts suggesting an instance of negligence. Deliberate indifference, however, "entails something more than mere negligence." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Plaintiff has failed to set forth sufficient allegations to meet this deliberate indifference standard.

In light of the above, the Court finds plaintiff's Eighth Amendment claims are subject to summary dismissal pursuant to § 1915(e).[4]

## Conclusion

Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

---

[4] Plaintiff also alleges violations of Ohio Rev. Code § 2921.44(c)(2), which provides that "[n]o officer having charge of a detention facility shall negligently . . . (2) fail to provide persons confined in the detention facility with adequate . . . medical attention." Inasmuch as plaintiff's federal claims cannot survive, this Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction when that court has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997). Accordingly, plaintiff's state law claims are also subject to summary dismissal under § 1915(e).


could not be taken in good faith.[5]

      IT IS SO ORDERED.

                                      CHIEF JUDGE SOLOMON OLIVER
                                      UNITED STATES DISTRICT COURT

January 27, 2012

---

[5] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."